STOULIG, Judge.
This appeal arises from the divorce proceedings between Betty Ann Booksh *367 Mevers and Guy Francis Mevers. The trial court rendered judgment in favor of the appellant but specifically found Mrs. Mevers to be at fault and for this reason denied her alimony. From only that part of the judgment adjudicating fault has this suspensive appeal been taken.
It has come to the court’s attention, by way of a statement contained in appellee’s brief, that Mrs. Mevers has since remarried. Counsel for appellee states he has confirmed this fact through conversations with Mrs. Mevers’ former attorney and, in connection therewith, he submitted a certified copy of the petition for separation filed by her present husband against the former Mrs. Mevers on November 18, 1972, bearing Docket No. 147-983 of the Twenty-fourth Judicial District Court in and for the Parish of Jefferson.
Since this document and other corroborative proof of remarriage were not introduced into evidence in the trial court nor stipulated in this court, this factor does not form part of the record of appeal and cannot be considered by us. Though lacking formal or stipulated proof of Mrs. Mevers’ present marital status, we can acknowledge that notice of her remarriage has been brought to our attention and if sustained by sufficient proof will terminate her right to alimony from the appellee under LSA-C.C. art. 160. Under these circumstances the question of Mrs. Mevers’ fault would no longer be a justiciable issue, determinative of the rights of either litigant, but would be rendered moot.
For this reason, rather than undertake a consideration of the merits of this appeal, which because of a change in circumstance would not be determinative of the rights of either party and would assume the import of a mere academic discussion, we feel that the interest of the parties will better be served by remanding the case to the trial court for the sole purpose of adducing evidence relative to the alleged second marriage of the appellant and her present marital status.
Costs of this appeal are to be borne by the appellant.
Remanded.